UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:07-CR-8-F
No. 7:07-CR-127-F

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| JAMES ANTHONY HOLLOMAN, | ) | |
| Defendant. | ) | |

The Defendant, James Anthony Holloman ("Holloman"), has filed two motions requesting copies of the transcript of his sentencing hearing in the above-captioned cases[1] at the government's expense, as well as two motions to proceed *in forma pauperis* [DE-35, 7:07-CR-8-F; DE-9, 7:07-CR-127-F]. In both cases, Holloman pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g). Holloman entered into a written plea agreement in case no. 7:07-CR-8-1F, and pleaded guilty without a plea agreement in case no. 7:07-CR-127. The cases were consolidated, and on January 28, 2008, Holloman was sentenced to a total term of 135 months imprisonment on both counts. Holloman asserts that he is indigent and therefore entitled to copies of the transcript at government expense and pursuant to 28 U.S.C. § 753(f) and 18 U.S.C. § 3006A. Holloman requests these transcripts in preparation for a § 2255 collateral attack on his conviction.

Section 753(f) of Title 28, United States Code, governs the issue of transcript requests by indigent criminal defendants. Section 753(f) provides that the United States shall pay the fee for a transcript request where the requesting party is permitted to bring an action under § 2255 *in*

---

[1] The cases were consolidated and Holloman was sentenced on January 8, 2008.

*forma pauperis* and "if the trial judge . . . certifies that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented by the suit . . ." 28 U.S.C. § 753(f). Additionally, the United States Supreme Court has held:

> We think that the formula devised by Congress satisfies the equal protection components of the Fifth Amendment. Respondent chose to forgo his opportunity for direct appeal with its attendant unconditional free transcript. This choice affects his later equal protection claim as well as his due process claim. Equal protection does not require the Government to furnish to the indigent a . . . free transcript which it offered in the first instance . . . . The basic question is one of adequacy of respondent's access to procedures for review of his conviction . . . and it must be decided in the light of avenues which respondent chose not to follow as well as those he now seeks to widen. We think it enough at the collateral-relief stage that Congress has provided that the transcript be paid for by public funds if one demonstrates to a district judge that his § 2255 claim is not frivolous, and that the transcript is needed to decide the issue presented. . . .
> . . . .
> . . . Had the District Court here been confronted not with merely a conclusory allegation, but with some factual allegations indicating a denial of respondent's [constitutional rights], the court might have concluded that such a claim was not frivolous, and further decided that a free transcript should be furnished pursuant to § 753(f).

*United States v. MacCollum*, 426 U.S. 317, 325-26 (1976).

The *MacCollum* case establishes that indigent defendants do not have a constitutional right to a free transcript that will assist in a § 2255 collateral attack on their conviction. In light of *MacCollum*, the Fourth Circuit requires indigent defendants to show a "particularized need" for the documents. *Morin v. United States*, 522 F.2d 8, 9 (4th Cir. 1975); *Jones v. Superintendent, Va. State Farm*, 460 F.2d 150, 152-53 (4th Cir. 1972). However, if the defendant has personal knowledge of the facts that provide the basis for the collateral attack, the court should deny the transcript request. *United States v. Shoaf*, 341 F.2d 832, 833-35 (4th Cir 1964). A free transcript is not available to defendants who wish to "comb the record in the hope of discovering some flaw." *United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963).

Here, Holloman "requests this Court provide a copy of the sentencing transcript of the January 08, 2008 proceeding for post appellant relief in the form of a 28 USC 2255." Mot. to Provide Sentencing Transcript [DE-35] at 1. Holloman's motion does not explain why the transcript of the sentencing hearing is needed for purposes of his § 2255 motion. Far from showing a "particularized need" for the transcript, Holloman's motion provides no explanation at all regarding why he needs the transcript. Holloman is not entitled to a transcript because he wishes to "comb the record in the hope of discovering some flaw." *Glass*, 317 F.2d at 202.

Nothing in this order prevents Holloman from filing a formal § 2255 collateral attack on his conviction. If his § 2255 application survives preliminary screening, the court may allow discovery, including requests for transcripts. Rules Governing Section 2255 Proceedings, Rules 4-6.

Because Holloman has failed to show the required "particularized need" for a copy of the transcript, his motions [DE-35, 7:07-CR-8-F; DE-9, 7:07-CR-127-F] are DENIED without prejudice. The accompanying motions to proceed *in forma pauperis* are DENIED AS MOOT. The Clerk of Court is DIRECTED, however, to forward to Holloman at the return address listed on his letter a copy of a § 2255 application.

SO ORDERED.

This _17_ day of July, 2013.

_James C. Fox_
JAMES C. FOX
Senior United States District Judge